

## NUMBERS 13-10-00321-CR AND 13-10-322-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DWAYNE LAZO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion Per Curiam

Appellant, Dwayne Lazo, attempted to perfect appeals from convictions for possession of methadone and possession of methamphetamine. We dismiss the appeals for want of jurisdiction.

Sentences were imposed on April 20, 2010. No motions for new trial were filed. Notices of appeal were filed on June 7, 2010. On June 21, 2010, the Clerk of this Court

notified appellant that it appeared that the appeals were not timely perfected. Appellant was advised that the appeals would be dismissed if the defects were not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to the Court's notices.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. In the case herein, appellant did not file a motion for extension of time to file his notices of appeal as permitted by Texas Rule of Appellate Procedure 26.3, and did not file his notices of appeal within the fifteen day grace period.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the

2

availability of that remedy is beyond the jurisdiction of this Court.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeals are DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of August, 2010.